

**Signed and Filed: June 09, 2008**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MARIA O. SEGOVIA,<br><br><br><br>                    Debtor. | Case No. 06-30387 TEC 7<br><br>Chapter 7 |

**MEMORANDUM RE TRUSTEE'S OBJECTION TO CLAIMED EXEMPTION IN WELLS FARGO LONG-TERM INCENTIVE COMPENSATION PLAN**

On June 5, 2008, the court held a hearing on the chapter 7 trustee's objection to the exemption Debtor claimed in her interests in the Wells Fargo Long-Term Incentive Compensation Plan (LTICP). For the reasons set forth below, I determine the assets are not exempt.

Debtor was granted non-qualified stock options under the LTICP. The stated purpose of the LTICP was to motivate key employees by enabling them to share in the future success of Wells Fargo. To induce the employee to make continued efforts on behalf of the company, the options generally do not vest immediately, the

options may not be sold, and the employee must remain employed by Wells Fargo.  If an employee is fired for cause, all unexercised options are revoked.  If the employee quits, all vested options are lost if not exercised within three months, and unvested options are lost.  If employment ceases upon death, retirement, or disability, however, all unvested options immediately become vested and can be exercised at any time within their stated term.  The LTICP provides that options may not be transferred and must be exercised by the employee or his or her personal representative.

Debtor contends that the LTICP is exempt as a private retirement plan under California Code of Civil Procedure section 704.115.  Debtor also contends that the LTICP is a retirement plan governed by ERISA, that Segovia's interest should be deemed to be held in trust to conform with the requirements of ERISA, and that the anti-assignment provision noted above is enforceable under ERISA and removes the assets from the estate pursuant to 11 U.S.C. § 541(c)(2).

The LTICP is not a private retirement plan because it was not designed or used as a retirement plan.  See In re Phillips, 206 B.R. 196, 202-03 (Bankr. N.D. Cal. 1997).  The purpose of the plan is to encourage key employees to work for the long-term health of the company by providing pre-retirement income linked to the future value of the company stock.  The fact that vesting of the options may be accelerated upon retirement is merely incidental to this purpose.  See Int'l Paper Co. v. Suwyn, 978 F.Supp. 506, 509-12 (S.D.N.Y. 1997); Lafian v. Electronic Data Systems Corp., 856 F.Supp. 339, 344-48 (E.D. Mich. 1994).  Nor did Segovia use the

LTICP as a retirement plan. She generally exercised the options promptly upon vesting and expended the proceeds on improving her home.

The LTICP is also not a retirement plan under ERISA. It does not so qualify because it does not either provide retirement benefits or defer income within the meaning of 29 U.S.C. § 1002(2)(A). See Suwyn, supra, 978 F.Supp. at 344-48; Lafian, supra, 856 F.Supp. at 510-12.

Nor is the LTICP a trust. The plan does not call itself a trust. Nor are any employee assets managed under the LTICP. The plan provides no assets other than contractual option rights, which are exercised solely by the employee, and any stock purchased is then held and managed directly by the employee. See Marshall v. Wells Capital Management Inc., 2007 WL 4565164 at pp. 11-13 (D. Ore. 2007) (Wells Fargo LTICP is not a trust). Because the LTICP is not a trust, 11 U.S.C. § 541(c)(2) does not apply.

Trustee's objection to Debtor's claim of exemption in the LTICP is sustained in its entirety.

**\*\*END OF MEMORANDUM\*\***

Case: 06-30387    Doc# 142    Filed: 06/09/08    Entered: 06/10/08 17:52:27    Page 3 of 4

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Neal H. Konami, Esq.<br>Law Offices of Neal H. Konami<br>555 12th Street, Suite 1900 |
| 4 | Oakland, CA 94607-4098 |
| 5 | Daniel M. Linchey, Esq.<br>Goldberg, Stinnett, Meyers and Davis |
| 6 | 44 Montgomery Street, Suite 2900<br>San Francisco, CA 94104 |

-4-